UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

CARLOS LOPEZ,

                            Defendant.

11-CR-1032-15 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received the attached letter from defendant Carlos Lopez, which the Court

treats as a motion for compassionate release.  Any letter by Lopez's trial counsel in support of

this application is due Friday, July 24, 2020.  The Government's letter in response is due

Wednesday, July 29, 2020.

        SO ORDERED.

                                        _____
                                        PAUL A. ENGELMAYER
                                        United States District Judge

Dated: July 21, 2020
       New York, New York

Rec'd 7/21/2-
mtl

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CARLOS LOPEZ,
  Movant.

V.                        Civil No.

UNITED STATES OF AMERICA,    Criminal No. 1:s5 11 CR. 01032-015
  Respondent.             Judge ENGELMAYER

MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C.
§ 3582(c)(1)(A), FIRST STEP ACT AND EMERGENCY IN LIGHT OF
<u>THE CURRENT PANDEMIC COVID-19 CONDITION</u>

Movant's motion for compassionate release under § 3582
(c)(1)(A). Movant seeks to have his sentence reduced under
§ 3553(c)(1)(A) under emergency in light of the current pandemic
COVID-19 conditions in support of United States v. Urkech, 2019
U.S. Dist Lexis 197408 (D. Neb Nov. 14, 2019 in support of this
motion a memorandum of law is attached and incorporated herein
reference.

BACKGROUND

Movant was charged with committing crimes as a member of the
Trinitarios Street Gang in the Bronx and elsewhere. After a trial
that lasted almost three months, he was convicted of numerous
crimes, including as relevant here, Racketeering, 18 U.S.C.
§ 1961, 1962, Racketeering conspiracy, 18 U.S.C. § 1962 four
counts of murder-in-aid-of-racketeering, 18 U.S.C. § 1962 four
counts of murder-in-aid-of-racketeering, 18 U.S.C. § 1954(a)(1).
Each of the counts of murder-in-aid-of-racketeering carried a
mandatory sentence of life without parole, and each of the other
counts noted carried a potential life sentence.

1.

On July 7, 2015, Movant was sentenced, the sentence was enhanced under 924(c)(1)(A), which forced the court to impose a mandatory minimum of life plus 240 months imprisonment.

Movant filed notice of appeal, his appeal was denied in the second circuit. Movant filed a certiorari petition to the U.S. Supreme Court, that deposition is not yet final.

Movant argues that the imposition of a mandatory life sentence for exclusively accessorial conduct violated the Eighth Amendment, the defendant was 18-21 when the crime happened.

Please note that the Rico Conspiracy and Racketeering is not a crime of violence under United States v. Davis. Count two and count 16, 11, 12 and 14, all of which are conspiracy counts. Under Davis, conspiracy to commit murder is not a crime of violence for purposes of § 924(c)'s subsection 924[J](1) because it does not necessarily require proof that the defendant used, attempted to use or threatened to use force. Instead, as articulated infra comspiracy to commit an offense is merely an agreement to commit an offense.

## INTRODUCTION

Comes now, Movant [hereinafter. Movant or defendant pro se, respectfully moves this honorable court pursuant to 18 U.S.C. § 3582(c)(2) and the newly-amended 18 U.S.C. § 3582(c)(A)(1) for an order reducing his sentence or to schedule a resentencing hearing with the opportunity to provide more information to the court prior and during the resentencing hearing, to assist the court in determining the appropriate sentence.

## MEMORANDUM OF LAW

Movant was a young man of promise whose life was derailed by
three factors that ultimately cost him his life. Mr. Lopez made
a series of poor choices. Second, the court sentenced him to
life in prison-a sentence that effectively announced that there
was nothing redeemable about this man, that he has nothing left
to give humanity. The latter is most certainly not the case.

To incarcerate Mr. Lopez any longer would be a complete and
utter waste of valuable human life. The question before the court
really is whether Mr. Lopez' series of poor choices is worth his
life, we submit that it is not. Mr. Lopez can never undo the
series of poor choices he made. However, we can correct the
other two factors that have led to a waste of human life and
dignity. Mr. Lopez has served approximately 120 months with good
conduct time, which is equivalent to a term of 130 months
[approximately 11 years ]. Nothing will ever get that time back,
he has paid significantly for his crimes.

Now, the court has the opportunity to use the tool Congress
gave it to give Mr. Lopez the chance to salvage some portion of
his life. Because of The First Step Act of 2018, the court has
an opportunity to correct an injustice and release Mr. Lopez
because of his efforts over the last decade. Mr. Lopez has the
education, skills, family support, and drive to succeed if release.

## ARGUMENT

This court can now bring a belated measure of justice to
Movant's sentence, due to the change made to § 3582(c)(1)(A)(i)
by The First Step Act, see P.L. 115-391, 132 stat. 5194, at § 603
[Dec. 21, 2018], the court may reduce a sentence for extraordinary

and compelling reasons like those present in this case and Movant
asks the court to reduce his sentence. The court now has the
authority to reduce an inmate's sentence based on the extra-
ordinary and compelling circumstances presented here, the change
made to 18 U.S.C. § 3582(c)(1)(A)(i) made by both The First Step
and that of The Cares Act have finally vested the court with
the final authority to decide when extraordinary and compelling
reasons warrant a sentence reduction, such circumstances clearly
exist in this case. The factors the court must consider in
determining an appropriate sentence weigh strongly in favor of
Movant's request.

The compassionate release statute was first enacted in 1984.
Prior to the new amendments, a District Court could modify a final
term of imprisonment in four situations, one of which was the
existence of extraordinary and compelling reasons warranting the
reduction, as determined by the sentence court. Although courts
were given final authority to reduce a sentence, the statute
imposed a gatekeeper, that authority could be invoked only upon
a motion by the Director of the BOP. This regime change when
Congress enacted The First Step Act of 2018, which amended §
3582(c)(1)(A)(i). Now the court can reduce a sentence upon motion
of the defendaNT as the act has relieved the BOP of its duty as
gatekeeper.

Congress did not define what constitutes an extraordinary and
compelling reason warranting a reduction of sentence under §
3583(3). Thus leaving this crucial element to the discretion of
the court. Indeed, legislative history confirms that it intended
to grant federal sentencing courts broad discretion to make a
dtermination on a case-by-case basis.

4.

The U.S. Sentencing Commission has not limited extraordinary and compelling reasons for compassionate release to medical age related, or family circumstances. The commentary of U.S.S.G. § 1B1.13 Application Note 1 [A] makes clear that the extraordinary and compelling reasons need not have been unforeseen at the time of sentence in order to permit a reduction in the term of imprisonment. In other words, even if an extraordinary and compelling reason reasonably could have been known or anticipated by the sentence court [that fact] does not prevent consideration for a sentence reduction.

### Extraordinary and Compelling Circumstances Warrant a Reduction in Movant's Sentence

The COVID-19 outbreaks in several Bureau of Prison Facilities has caused U.S. Attorney General William Barr to formally declare an emergency. In response Congress expanded his release authority through The Cares Act. Although Movant is seeking relief through compassionate release, the two acts parellel. The U.S. Attorney General has asked the judicial community to exercise its authority in unison with his to expedite the use of home confinement to combat the spread of infection throughout BOP run facilities. For it's the BOP's mission to administer the lawful punishments that the justice system imposes, and executing that mission imposes upon it a profound obligation to protect the health and safety of all inmates.

Despite extensive precautions to prevent COVID-19 from enter-ing its facilities and infecting inmates, those precautions like any precautions have not been overwhelmingly successful given the speed with which the disease has spread through the general public, it is clear that time is of the essence. In the months since the pandemic social distancing has quelled the effects of

the pandemic in the general public, but until a vaccine is found, the spread of infection can not be quenched.

Avers that an adherence to social distancing in prison is impossible, also the recent laxity in the general public has caused inhibitions to the previous rigid use of P.P.E.S.

Although prison workers are given temperature checks there are no checks in place to prevent asymptomatic workers from entering the facility. This makes the prison a powder keg for an outbreak. There are no test kits, Abbot Rapid test machines or proper quarantine staging areas. Movant's fears are not theoretical, the BOP has limited medical resources, as seen in the face of an outbreak.

## The Relevant Factors Weigh Strongly in Favor of a Sentence Reduction

In deciding Movant's request for a sentence reduction, the Court must determine whether after considering the factors set forth in 18 U.S.C. § 3582(a), extraordinary and compelling circumstance permit that relief, and if so, that Movant is not a danger to the safety of any other person or to the community. As explained below, the § 3553(a) factors weigh strongly in favor of relief in Movant's case. Section § 3553(a)(a)(2) requires a court to consider the necessity of the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public from Mr. Lopez and provide him with rehabilitative services. The more than 10 years that Mr. Lopez has already served in prison has transformed him. Although he has had tribulations while incarcerated, he has dedicated himself to the rehabilitation of himself, fulfilling the objectives of § 3553(a)(2) that incarceration provide the defendant with needed

educational or vocational training, medical care or other
correctional treatment. Mr. Lopez has an extensive inmate
education, see Exhibit-1, Educational Courses. He has completed
more than 30 Education Courses, logging over 700 hours since
his incarceration. He earned his GED, has become english proficient
and developed skills for business. He facilitated alternative
to violence project seminars, volunteered as a suicide-prevention
companion and tutored the men around him to learn to read and
write. He has developed skills in hopes of future employment
opportunities if granted relief by this Court. This factor also
weighs heavily in support of granting relief.

If released he would pose no danger to the safety of any
person or the community. He has maintained strong family and
community ties. Movant plans to live with his mother, his wife
and their two children if granted relief. Nothing in the facts
of this case indicate that Movant would be a danger if released.
There are strong indications from his time in prison that he is
now a matured man who poses no risk to the community, and is
likely to become a productive and valuable member of society
upon release.

Mr. Lopez is deserving of mercy with the passage of The First
Step Act Congress emphasized the imperative of reducing sentence.
Mr. Lopez conduct and initiative during his incarceration
demonstrate rehabilitation.

Movant has had an unblemished disciplinary record since 2014.

## Conclusion

7.

Congress has now given the Court the power to grant Movant relief from his sentence. Movant respectfully requests reducing his sentence or scheduling a resentencing hearing with the opportunity to provide more information to the Court prior to and during the resentencing hearing to assist the Court in determining the appropriate sentence based on extraordinary and compelling reason.

Respectfully Submitted,

Carlos Lopez 7-14-2020
Carlos Lopez

8.

Exibit-1



| **Individualized Reentry Plan - Program Review (Inmate Copy)** | **SEQUENCE: 01728133** |
|---|---|
| Dept. of Justice / Federal Bureau of Prisons | **Team Date: 07-02-2020** |
| Plan is for inmate: LOPEZ, CARLOS  66063-054 | |

| | | | |
|---|---|---|---|
| Facility: | CAA CANAAN USP | Proj. Rel. Date: | UNKNOWN |
| Name: | LOPEZ, CARLOS | Proj. Rel. Mthd: | LIFE |
| Register No.: | 66063-054 | DNA Status: | BRO05949 / 12-16-2011 |
| Age: | 32 | | |
| Date of Birth: | 05-15-1988 | | |

## Detainers

| Detaining Agency | Remarks |
|---|---|
| DEPORTATION ORDER. FILE #047 798 160. | null |

## Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| CAA | USP LT ORD | USP LT ORDERLY | 11-26-2019 |

## Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| CAA | ESL HAS | ENGLISH PROFICIENT | 08-12-2015 |
| CAA | GED EARNED | GED EARNED IN BOP | 10-03-2012 |

## Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| CAA | C | MATH COLLEGE PREP CLASS. | 07-11-2019 | 08-29-2019 |
| CAA | C | INTRO TO HOME IMPROVEMENT. | 07-10-2019 | 08-29-2019 |
| CAA | C | INTRO TO WORKING WITH CONCRETE | 07-09-2019 | 08-28-2019 |
| CAA | C | DEVELOP SKILLS FOR A BUSINESS. | 07-08-2019 | 08-27-2019 |
| CAA | C | PARENTING 2 | 06-24-2019 | 07-05-2019 |
| CAA | C | 4000HR USDOL TEACHER AIDE APPT | 03-29-2017 | 05-01-2019 |
| CAA | C | INTRO TO HOME IMPROVEMENT. | 08-06-2018 | 09-26-2018 |
| CAA | C | MULTIPLE INTELLIGENCE | 04-11-2018 | 04-12-2018 |
| CAA | C | ANGER MANAGEMENT COURSE | 02-09-2018 | 04-06-2018 |
| CAA | C | INTRO TO WORLD OF BUSINESS. | 11-13-2017 | 12-19-2017 |
| CAA | C | PRACTICAL LIFE SKILLS | 11-13-2017 | 12-19-2017 |
| CAA | C | USP ACE THINKING SKILLS | 11-13-2017 | 12-19-2017 |
| CAA | C | RPP3 MANAGING YOUR MONEY | 10-03-2017 | 11-16-2017 |
| CAA | C | RPP1 RELEASE PREP ON HEALTH | 10-01-2017 | 11-15-2017 |
| CAA | C | CDL PREPARATION CLASS. | 10-02-2017 | 11-08-2017 |
| CAA | C | INTRO EFFECTIVE COMMUNICATION | 10-02-2017 | 11-08-2017 |
| CAA | C | RPP3 MANAGING YOUR MONEY | 08-09-2017 | 09-21-2017 |
| CAA | C | JOB FAIR INTERVIEW | 09-14-2017 | 09-14-2017 |
| CAA | C | ULTIMATE NATURE | 07-01-2017 | 08-28-2017 |
| CAA | C | BASIC WRITING STYLES/IDEAS. | 07-01-2017 | 08-28-2017 |
| CAA | C | RPP3 MANAGING YOUR MONEY | 06-14-2017 | 08-08-2017 |
| CAA | C | PARENTING CLASS | 05-16-2017 | 06-27-2017 |
| CAA | C | RPP2 INTERVIEW/RESUME CLASS | 04-12-2017 | 06-08-2017 |
| CAA | C | LAWS FOR SMALL BUSINESS. | 03-20-2017 | 06-02-2017 |
| CAA | C | COURSE ON SOLAR SYSTEM. | 03-20-2017 | 06-02-2017 |
| CAA | C | CDL PREPARATION CLASS. | 10-15-2016 | 11-16-2016 |
| CAA | C | INTRO TO HOME IMPROVEMENT. | 10-15-2016 | 11-15-2016 |
| CAA | C | TUTOR TRAINING | 03-01-2016 | 03-01-2016 |

## Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

## Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 08-26-2015 |
| CARE1-MH | CARE1-MENTAL HEALTH | 08-19-2015 |



## Individualized Reentry Plan - Program Review  (Inmate Copy)
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: LOPEZ, CARLOS  66063-054

SEQUENCE: 01728133
Team Date: 07-02-2020

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 12-15-2011 |
| YES F/S | CLEARED FOR FOOD SERVICE | 06-20-2018 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP UNQUAL | RESIDENT DRUG TRMT UNQUALIFIED | 09-26-2016 |
| ED COMP | DRUG EDUCATION COMPLETE | 03-01-2016 |
| NR DIS | NRES DRUG TMT/DISCONTINUED | 06-14-2016 |

### FRP Details

Most Recent Payment Plan

**FRP Assignment:** **PART** **FINANC RESP-PARTICIPATES** **Start: 03-28-2017**

Inmate Decision: **AGREED** **$25.00** Frequency: **MONTHLY**

Payments past 6 months: **$150.00** Obligation Balance: **$325.00**

#### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $1,400.00 | $325.00 | IMMEDIATE | AGREED |

| Adjustments: | Date Added | Facl | Adjust Type | Reason | Amount |
|---|---|---|---|---|---|
| | 06-04-2020 | CAA | PAYMENT | INSIDE PMT | $25.00 |
| | 05-06-2020 | CAA | PAYMENT | INSIDE PMT | $25.00 |
| | 04-11-2020 | CAA | PAYMENT | INSIDE PMT | $25.00 |
| | 03-05-2020 | CAA | PAYMENT | INSIDE PMT | $25.00 |
| | 02-11-2020 | CAA | PAYMENT | INSIDE PMT | $25.00 |
| | 01-14-2020 | CAA | PAYMENT | INSIDE PMT | $25.00 |

#### Payment Details

Trust Fund Deposits - Past 6 months:  $2,797.21    Payments commensurate ?   Y

New Payment Plan: | ** No data ** |

### Progress since last review

Prior goals in progress. Receives good work evaluations as Lieutenant Orderly.

### Next Program Review Goals

Complete Anger management and OSHA by 12-2020.

### Long Term Goals

Complete Challenge and NRES DRG class by 07-2021.

### RRC/HC Placement

### Comments

FSA:INELIGIBLE/MEDIUM.
Maintain clear conduct.
Complete all RPP classes.
Complete OSHA.
Maintain good family and community relations through use of e-mail, telephone and social visits.
Save a minimum of $5 per month towards pre-release savings account.
Complete Challenge Program.
Make timely FRP payments.
Complete VT Culinary Arts.
Complete 4-6 ACE Classes every 6 months.
Reviewed 407/408 contact information.
Resolve any possible warrant or detainers, these will slow down your halfway house process. Inmates with pending charges or detainers
will not receive a halfway house placement until these issues are resolved.



**Individualized Reentry Plan - Program Review  (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: LOPEZ, CARLOS  66063-054

SEQUENCE: 01728133
Team Date: 07-02-2020

Name: LOPEZ, CARLOS
Register No.: 66063-054
Age: 32
Date of Birth: 05-15-1988

DNA Status:   BRO05949 / 12-16-2011

_____
Inmate   (LOPEZ, CARLOS. Register No.: 66063-054)


_____
Date


_____      _____
Unit Manager / Chairperson                               Case Manager


_____      _____
Date                                                                   Date








U.S. POSTAGE PAID
COMM LGEN, PA
WALMART, PA
18472
JUL 15, '20
AMOUNT
$0.00
R2305K138948-01
10007
1000

THIS CORRESPONDENCE IS
FROM AN INMATE CURRENTLY
IN THE CUSTODY OF THE
FEDERAL BUREAU OF PRISONS

Carlos Lopez #66063-054
United State Penitentiary Canaan
P.O. Box 300
Waymart, P.A. 18472

Hon. Judge Engelmayer
United States Distric Court
Southern Distic of New York
500 Pearl Street
New York, New York. 10007-1312

USMP3
SDNY

Rec'd 7/21/20 mm

