UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS LOPEZ, | 1:21-CV-2698 (PAE) |
| Movant, | |
| -against- | 1:11-CR-1032-15 (PAE) |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent. | |

PAUL A. ENGELMAYER, United States District Judge:

Carlos Lopez, currently incarcerated in the United States Penitentiary Canaan, in

Waymart, Pennsylvania, brings this *pro se* motion under 28 U.S.C. § 2255, challenging the

legality of his conviction and sentence entered in 11 Crim. 1032. For the following reasons, the

Court directs Lopez to file a declaration within 60 days of the date of this order showing cause

why his § 2255 motion should not be denied as time-barred.

## BACKGROUND

Lopez was found guilty, after a 12-week jury trial, of the following offenses:

(1) racketeering, under 18 U.S.C. § 1962(c); (2) conspiracy to participate in a racketeering

enterprise, under 18 U.S.C. § 1962(d); (3) conspiracy to commit murder in aid of racketeering,

under 18 U.S.C. § 1959(a)(5); (4) murder in aid of racketeering, under 18 U.S.C. § 1959(a)(1);

(5) assault and attempted murder in aid of racketeering, under 18 U.S.C. §§ 1959(a)(3) and (5);

(6) conspiracy to distribute and possess with intent to distribute narcotics, under 21 U.S.C. § 846;

(7) discharging a firearm in furtherance of a crime of violence, under 18 U.S.C. § 924(j)(1);

(8) discharging a firearm in furtherance of a crime of violence, under 18 U.S.C.

§ 924(c)(1)(A)(iii); and (9) discharging a firearm in furtherance of drug-trafficking crime, under

18 U.S.C. § 924(c)(1)(A)(iii), (C)(i). *See* 11 Crim. 1032, Dkt. 1739. On July 8, 2015, the Court

sentenced Lopez to an aggregate prison term of life plus 420 months, and to a five-year term of

supervised-release. *Id.*  At sentencing, the Court noted that Lopez had participated in three murders, in at least two of which he was a "knowing and active and fully supportive contributor and participant," and which he "planned and premeditated." *Id*. Dkt. 1754 at 16–17.  The Court noted that the murders arose out of a conflict between Lopez's gang, the Trinitarios, and a rival gang, the Bloods. *Id.*

Lopez appealed.  On August 1, 2019, the Second Circuit affirmed Lopez's conviction. *United States v. Sierra*, 933 F.3d 95 (2d Cir. 2019); *United States v. Sierra*, 782 F. App'x 16 (2d Cir. 2019) (summary order).  Lopez and his codefendants then petitioned for rehearing *en banc*. On November 7, 2019, the Second Circuit denied their petitions.  *United States v. Lopez*, Nos. 15-2220, 15-2247, 15-2257 (2d Cir. Nov. 7, 2019).  Lopez alleges that he then "joined the joint writ of certiorari with [his codefendants,] Luis Beltran and Felix Lopez-Cabrera," and that the Supreme Court denied *certiorari* on March 23, 2020.  21 Civ. 2698, Dkt. 1 at 16.  But while the Supreme Court denied Beltran's and Lopez-Cabrera's petitions for a writ of *certiorari* on March 23, 2020, *see Beltran v. United States*, 140 S.Ct. 2540 (2020); *Lopez-Cabrera v. United States*, 140 S.Ct. 2541 (2020), the Court's records do not reflect that Lopez petitioned for *certiorari*.

On March 18, 2021, Lopez submitted his § 2255 motion to his prison's mail system for its delivery to the Court.

## DISCUSSION

Lopez's § 2255 motion appears to be time-barred.  A federal prisoner seeking relief under § 2255 must generally file a § 2255 motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on

collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Had Lopez petitioned for *certiorari*, and had the Supreme Court had denied his petition on March 23, 2020 when it declined those of his codefendants, his § 2255 motion would be timely because it would have been filed days before the applicable limitations period would have expired on March 23, 2021. *See* 28 U.S.C. § 2255(f)(1) (one-year limitations period to bring a § 2255 motion measured from the latest of four circumstances, including from "the date on which the judgment of conviction becomes final"); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *see also Moshier v. United States*, 402 F.3d 116, 117 (2d Cir. 2005) (applying to a § 2255 motion the "prison mailbox rule" that a prisoner's *pro se* submission is considered filed as of the date the submission is placed in the prison's mail system for its delivery to the court).

But, because there is nothing in the record to suggest that Lopez ever sought *certiorari*, Lopez's conviction became final on February 5, 2020, 90 days after the Second Circuit denied his petition for a rehearing *en banc*, when the period in which to seek *certiorari* expired. *See Clay*, 537 U.S. at 527; S.Ct. R. 13(1), (3) (90-day period to seek *certiorari* is measured from date of the denial of rehearing). Under § 2255(f)(1), the applicable limitations period expired one year later, on February 5, 2021, more than a month before Lopez filed his § 2255 motion on March 18, 2021.

In light of Lopez's *pro se* status, the Court directs Lopez to show cause within 60 days why his § 2255 motion should not be denied as time-barred. Lopez should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance

prevented him from timely submitting his § 2255 motion.  *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

## CONCLUSION

The Court directs Lopez to file a declaration within 60 days of the date of this order showing cause why his § 2255 motion should not be denied as time-barred.  For Lopez's convenience, a declaration form is attached to this order.  If Lopez files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on the Government.  If Lopez fails to comply with this order, the Court will deny the § 2255 motion as time-barred.  No answer will be required at this time.

Because Lopez has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


Dated:    April 7, 2021
          New York, New York

                                        _____
                                        PAUL A. ENGELMAYER
                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____

Executed on (date)               Signature

_____          _____

Name                             Prison Identification # (if incarcerated)

_____          _____  _____  _____

Address                          City           State      Zip Code

_____          _____

Telephone Number (if available)          E-mail Address (if available)